UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>                          Plaintiff,<br><br>        v.<br><br>ROBERT M. CRISPIN, an individual, VECTOR CONSTRUCTION, INC., a Washington Corporation; and JAMES B. MEYER, a married individual,<br><br>                          Defendant. | No.:<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW Plaintiff ASSOCIATED INDUSTRIES INSURANCE COMPANY, Inc. ("Associated"), and for its Complaint for Declaratory Judgment against Defendants ROBERT M. CRISPIN, VECTOR CONSTRUCTION, INC., and JAMES B. MEYER alleges as follows:

## I.  **THE PARTIES**

1.1     Plaintiff Associated Industries Insurance Company, Inc. ("Associated") is a Florida Corporation with its principal place of business located at 903 N.W. 65th Street, Boca Raton, Florida 33487, and conducts business in King County, Washington.

1.2     Based on information and belief, Defendant Vector Construction Inc.

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: _____

PAGE 1

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

("Vector") is a Washington Corporation (UBI Number 601 177 704) with its principal place of business located at 45120 SE North Bend Way, North Bend, Washington 98045-9065.

1.3     Based on information and belief, Defendant Robert M. Crispin ("Crispin") is an unmarried individual residing and domiciled in King County, Washington.

1.4     Based on information and belief, Defendant James B. Meyer ("Meyer") is a married individual residing at 641 Black Bear Road, Port Townsend, Washington 98368-9733, and domiciled in King County, Washington.

## II.   JURISDICTION AND VENUE

3.1     The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists, because the plaintiff is a citizen of different states than all defendants.

3.2     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b), because the events or omissions giving rise to the causes of action occurred in this judicial district. The events are alleged to have occurred in King County, North Bend, Washington. Accordingly, assignment in the Seattle Division of the Western District Court of Washington is proper pursuant to LCR 3(e)(1) and Federal Rule 3 of Civil Procedure.

## III.   FACTS

4.1     Associated incorporates by reference all allegations set forth in paragraph 1.1 to 2.2 as if full set forth herein.

**A.      The Policy**

4.2     Associated issued Commercial General Liability Policy No. AES1197094 00 to Vector for the policy period from April 10, 2020, to April 10, 2021 (the "Policy"). A redacted copy of the Policy is attached as **Exhibit A**.

4.3     Vector is a named insured under the Policy.

4.4     Subject to all exclusions, limitations, and conditions, the Policy extends

insured status to Vector's officers and directors, "but only with respect to their duties as [its] officers or directors." As an officer and/or director of Vector, Meyer is an insured under the Policy "but only with respect to [his] duties as [Vector's] officer[] or director[]."

4.5     Subject to all exclusions, limitations, and conditions, the Policy also extends insured status to Vector's stockholders, "but only with respect to their liability as stockholders." As a stockholder of Vector, Meyer is an insured under the Policy "but only with respect to [his] liability as stockholder[]."

**B.     The Underlying Lawsuit**

4.3     On December 4, 2020, Crispin filed a Complaint for Accounting, Declaratory and Injunctive Relief (the "Underlying Complaint") in King County Superior Court Cause No. 20-2-17486-6 SEA, captioned *Robert M. Crispin, an individual, Plaintiff, v. Vector Construction, Inc., a Washington Corporation; and James B. Meyer, a married individual; Brown & Sterling, P.S., Defendants* (the "Underlying Lawsuit"). A copy of the Underlying Complaint is attached as Exhibit B.

4.4     In the Underlying Lawsuit, Crispin asserts Vector is a professional services corporation consisting of two persons: Crispin and Meyer, where Crispin owns 49% and Meyer owns 51%.

4.5     Crispin alleges that Meyer started Vector in May 1989 as a general purpose contracting and construction company, over time specializing in polyuria and spray foam insulation.

4.6     According to the Underlying Complaint, in 2006, Meyer hired Crispin after some previous experience working together from the 1990s and paid him to provide services as a foreman and affix spray foam insulation.

4.7     Crispin further alleges that on January 1, 2019, Meyer proposed and effectuated a transfer of 490 ownership shares to Crispin and promoted him to Vice President and Director of Vector. Vector, however, contends the transfer was never fully completed

due to lack of consideration.

4.8     The Underlying Complaint claims that in August 2020, Crispin inquired into how the business's funds were used to pay Vector's debts and obligations, like rent and insurance, and became concerned Meyer used company funds to pay personal expenses and allocate distributes to non-employees.

4.9     The Underlying Complaint asserts that on September 30, 2020, after Crispin requested a meeting to discuss his concerns, Meyer suspended Crispin from Vector and locked him out of Vector's premises, supporting its decision with "unsubstantiated allegations of drug use and financial misconduct by" Crispin.

4.10     On October 6, 2020, Crispin alleges he had demanded corporate records pursuant to RCW 23B.16, including bookkeeping records and bank statements from January 1, 2019.

4.11     Crispin alleges that on October 19, 2020, Crispin reaffirmed the demand and request other records including K-1 tax forms, audit statements, shareholder agreements, balance sheets, profit & loss statements, and meeting minutes for the board of directors and shareholder for 2019 and 2020.

4.12     On October 21, 2020, Crispin alleges Vector rejected Crispin's request for inspection and allegedly stated the shareholder agreement was never effectuated.

4.13     The Underlying Complaint requests a Declaratory Judgment from the King County Superior Court establishing the assignment of 490 shares of Vector's common voting stock to Crispin was valid and effective.

4.14     The Underlying Complaint alleges the assignment authorizes Crispin to request inspection of the books upon timely notice as well as make a demand in good faith and for a proper purpose. Crispin requests the King County Superior Court to find the same.

4.15     The Underlying Complaint requests the King County Superior Court to find Meyer breached his contractual obligation by failing to transfer stock certificates and order

Defendant Vector transfer those stock certificates representing 490 common Vector stock to Crispin.

4.16    The Underlying Complaint alleges Vector must indemnify Crispin for any and all debts of the corporation to which Crispin is personally guaranteed.

4.17    The Underlying Complaint alleges Meyer engaged in self-dealing, wrongfully denied Crispin 49% ownership, failed to pay company debts, and attempted to unilaterally terminate Crispin from his role as Vice President of Vector in direct response to Crispin exercising his right to request shareholder inspection of books and records pursuant to RCW 23B.16.040.

**C.    The Insurance Claim**

4.18    Vector tendered the Underlying Lawsuit to Associated for defense and indemnity coverage under the Policy.

4.19    Associated promptly acknowledged the tender in a letter sent on February 3, 2021, a copy of which is attached as Exhibit **C**. .  In that letter, Associated informed Vector and Meyer that it was investigating potential coverages under the Policy, but fully reserved all rights.

4.20    In a letter dated and sent on March 8, 2021, Associated informed Vector and Meyer that it would defend them in the Underlying Lawsuit, subject to a full reservation of rights, but that it believed the Policy did not afford coverage for the claims and damages alleged in the Underlying Complaint.  A copy of the March 8, 2021, letter is attached as Exhibit **D**. In the March 8, 2021, letter, Associated fully reserved all rights, including the right to file a declaratory judgment action to contest coverage and withdraw the defense.

## IV.  <u>FIRST CAUSE OF ACTION</u>

### Declaratory Judgment - Coverage

5.1    Associated incorporates by reference all allegations set forth in paragraphs 1.1 through 4.20 as if fully set forth herein.

5.2     The Policy constitutes a binding and enforceable contract setting forth the rights and obligations of the parties thereto.

5.3     Pursuant to the express terms, conditions, exclusions, and limitations of the Policy, the Policy does not afford coverage to Vector or Meyer for the Underlying Complaint under the   Coverage B.

5.4     Coverage B only provides liability coverage for sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury' arising out of a. False arrest, detention or imprisonment; b. Malicious prosecution; c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor; d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; e. Oral or written publication, in any manner, of material that violates a person's right of privacy; f. The use of another's advertising idea in your 'advertisement'; or g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement'." The Underlying Complaint alleges none of these offenses.  Therefore, there is no coverage available under Coverage B of the Policy.

5.5     Furthermore, Coverage B applies only to a personal and advertising injury "offense" that was "committed … during the policy period."  To the extent such conduct constitutes an "offense," that offense occurred prior to the policy period.  Therefore, there is no coverage available under Coverage B.

5.6     Exclusion (a) under Coverage B excludes coverage for "'personal or advertising injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"  The Underlying Complaint alleges that Vector and/or Meyer acted illegally, oppressively,

1  fraudulently, and/or in self-dealing.  Therefore, to the extent the Underlying Complaint

2  alleges personal and advertising injury, Exclusion (a) bars coverage.

3      5.7     Exclusion (e) under Coverage B excludes coverage for personal and

4  advertising injury "for which the insured has assumed liability in a contract or agreement."

5  To the extent the Underlying Complaint seeks damages for liability assumed by Vector

6  and/or Meyer in a Shareholder Agreement or any other agreement, Exclusion (e) bars

7  coverage.

8      5.8     Exclusion (f) under Coverage B excludes coverage for personal and

9  advertising injury "arising out of a breach of contract."  The Underlying Lawsuit alleges that

10 Vector and/or Meyer breached a Shareholder Agreement and/or other agreements.  The

11 Underlying Lawsuit asserts a cause of action for Breach of Contract.  Exclusion (f) bars

12 coverage for these claims.

13     5.9     For these reasons, Associated has no duty to defend or indemnify Vector or

14 Meyer under the Policy with respect to the Underlying Complaint and the Underlying

15 Lawsuit.

16                      **V.  <u>RESERVATION OF RIGHTS</u>**

17     6.1     Associated reserves its right to assert the applicability of other terms,

18 conditions, limitations, and exclusions to coverage under the Policy as facts related to those

19 coverage defenses develop.

20                      **VI.  <u>PRAYER FOR RELIEF</u>**

21     WHEREFORE, Associated prays for judgment in its favor and against Defendants as

22 follows:

23     7.1     Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201,

24 that Associated has no duty to defend or indemnify Vector or Meyer in the Underlying

25 Lawsuit;

26     7.2     Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201,

1  that Associated may withdraw the defense currently being provided to Vector and Meyer in

2  the Underlying Lawsuit; and

3      7.3     Such other and further relief as the Court deems just and appropriate.

4      DATED:  July 30, 2021

5                              BULLIVANT HOUSER BAILEY PC

6

7                          By  */s/Michael A. Guadagno*
                              Michael A. Guadagno, WSBA #34633
8                              E-mail: michael.guadagno@bullivant.com

9                              */s/ Armando Padron-Cruz*
                              Armando Padron-Cruz, WSBA #55530
10                             E-mail: armando.padron-cruz@bullivant.com

11                         Attorneys for Plaintiff Associated Industries
                          Insurance Company, Inc.
12

13  4833-0169-3417.1

14

15

16

17

18

19

20

21

22

23

24

25

26